# District Court of the Navajo Nation
Judicial District of Shiprock, New Mexico

**Eastern Enterprises Ltd. Co.,**
**Plaintiff,**
**vs.**
**Miller Engineers, Inc.,**
**Defendant.**
**Decided September 24, 1997**

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER having come before the Court upon Plaintiff's Motion to Enforce Settlement Agreement, the Court having heard the testimony of the parties and arguments of counsel, and having reviewed the briefs submitted by Counsel, and being otherwise fully advised in the premises, FINDS:

1. That this Court has jurisdiction over the parties and subject matter in this action.

2. That the above-entitled cause was scheduled for trial before this Court on December 16, 1996.

3. The parties agreed to a continuance of the matter, and the Plaintiff and Defendant entered settlement discussions.

4. That this matter arose out a complaint filed by Eastern Enterprises Ltd. Co. for a breach of contract and for negligence in the design and construction of a ditch and culvert at the entrance to Citgo, a convenience store in Shiprock, New Mexico. Prior to a scheduled trial, Mr. James Allee and Mr. J. Roger Miller of Miller Engineers, Inc., met to discuss a possible settlement on December 16, 1996. At this meeting, on a piece of paper, the dollar amount of $7,100.00 was written down after crossing out "$6,500.00 close out all else."

5. That there is no dispute regarding who wrote this. Both Mr. Miller and Mr. Allee testified that Mr. Miller wrote down the $7,100.00 amount and crossed out "$6,500.00 close out all else" and signed it.

What is disputed is whether this piece of paper is a settlement agreement to be enforced by this Court. Initially, when the suit was filed, the Plaintiff was asking for $15,000.00 plus cost of suit and any other relief deemed just and proper by the court.

### Enforcement of Settlement Agreement

There were several issues argued before this Court regarding whether the piece of paper and the circumstances surrounding the meeting on December 16, 1996 constituted a settlement agreement.

Mr. Allee testified that during negotiations, Mr. Miller offered $2,000.00 to which Mr. Allee requested about $12,000-$13,000, and eventually the amount came down to $7,100.00 which was written down and signed by Mr. Miller. Mr. Allee testified that when he left the meeting, he thought the suit was resolved.

Mr. Allee stated that the figure represented a compromise and there was no discussion regarding the $7,100.00 and the cost of specific items. Mr. Allee testified that the $7,100.00 was to put a stop to the lawsuit.

Mr. Miller, on the other hand, testified that there was a lengthy discussion regarding the culvert, round pipes and squash pipes and that he never made decisions alone and the piece of paper was not a settlement agreement. Mr. Miller also testified that the signing of the piece of paper was based upon information which was false and that even if there was settlement, it cannot be enforced as his assent was based upon information given by Mr. Allee which constituted misrepresentation. Mr. Miller testified that information given by Mr. Allee was untrue, and that Mr. Allee intended him (Mr. Miller) to rely on this misrepresentation and that he (Mr. Miller) entered into a preliminary settlement based solely upon this representation to his detriment.

Mr. Miller indicated that the information given by Mr. Allee was not true and he based this untruth on conversations he had with several persons, none of whom appeared at the Court to testify.

When the complaint was filed, the Plaintiff alleged that the design was defective, rendering the bridge totally unfit for its intended use and the Defendant negligently failed to properly prepare a ditch culvert. The Plaintiff indicated that additional expenses on their part was $15,000 for construction expenses, new specification, new materials, additional ditch work and increased culvert size and adjustments.

The Defendant alleged misrepresentation and requested this Court not to enforce the settlement and submitted to this Court a fax from Carol A. Moore along with invoices. No one testified regarding the submitted document. Likewise, Mr. Miller informed the Court of conversations he had had with persons not present in Court to establish Mr. Allee's misrepresentation.

## CONCLUSIONS OF LAW

The Navajo Rules of Evidence at Rule 25 addresses hearsay. Hearsay is defined as an out of court statement of a person other than the one testifying offered in evidence in order to prove the truth of the matter asserted in that statement. Hearsay is not admissible. Based on this, this Court cannot use the faxed document or the statements asserted by Mr. Miller by persons not present in Court to establish that Mr. Allee was untruthful.

In *General Motors Acceptance Corp. v. Bitah*, 6 Nav. R. 45, 48 (1988), the Navajo Supreme Court stated:

> Fraudulent conduct is never presumed, neither should its existence rest on mere suspicion or surmise. Each of the essential elements for fraudulent misrepresentation must be proven by clear and convincing evidence. The standard of clear and convincing proof must be strictly adhered to, because a charge of fraud can damage a person's reputation with the mark of dishonesty.

In *General Motors*, the Court also set out what is required to establish misrepresentation as follows:

1. the defendant made a false representation;
2. the defendant knows or believes that the representation is not as the defendant represented, or that the representation was recklessly made;
3. the defendant intended to deceive or to induce the other party to act or refrain from action in reliance on the misrepresentation; and,
4. the plaintiff relied on the misrepresentation to his detriment.

*Id.* Here, the information to establish a false representaton is lacking since the information submitted by Mr. Miller cannot be used to prove the truth of the faxed document or the out of court statements as submitted by Mr. Miller. Thus, attempts by Mr. Miller to establish fraud fails. This Court cannot agree with Mr. Miller's argument that the "settlement" is invalid.

Mr. Miller also argues that he cannot make decisions alone yet he did not bring anyone to testify in Court to support his argument. This Court is not convinced that Mr. Miller lacks authority to enter into a settlement.

The piece of paper submitted to this Court with the figure of $7,100.00 is an agreement between Mr. Miller and Mr. Allee. The Navajo Supreme Court in *Hood v. Bordy*, 6 Nav. R. 349, 352 (1991), set out what is required for the formation of a valid contract. Here, the Court is convinced that the parties met the requirements as the parties are competent; there was a meeting of the minds after a long negotiation period; there was sufficient consideration, $7,100.00, in exchange for the dismissal of the lawsuit; there was no showing in Court that what was bargained for was impossible to perform; and there was no showing that the agreement is against public policy. In fact, quite the contrary, as stated in *Morgan v. The Navajo Nation*, 4 Nav. R. 3 (1983), in which the Court of Appeals announced that settlements are encouraged and that litigation should be avoided where the parties have reached an agreement. This Court finds that an agreement was entered into on December 16, 1996.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that:

1. Plaintiff's Motion to Enforce Settlement is hereby granted.
2. Defendant shall pay to Plaintiff the sum of $7,100.00 in full and complete settlement of any and all claims between the parties, and Plaintiff is hereby granted judgment against Defendant in the above amount.
3. Each party shall pay its own attorney's fees.